IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES INTERNAL )
REVENUE SERVICE, )
)
Plaintiff, )
)
v. )  Civil Action No. 1:19cv1108 (TSE/JFA)
)
WILLIAM H. HATCHELL, )
)
Defendant. )
_____ )

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment against William

H. Hatchell. (Docket no. 9). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate

judge is filing with the court his proposed findings of fact and recommendations, a copy of

which will be provided to all interested parties.

### Procedural Background

Plaintiff filed the complaint in this action on August 23, 2019. (Docket no. 1)

("Compl."). Count I of the complaint seeks to reduce to judgment federal income tax

assessments against defendant, plus statutory interest and penalties. (Compl. ¶¶ 6–12). Count II

seeks to reduce to judgment civil penalty assessments against defendant, plus statutory interest.

(Compl. ¶¶ 13–18).

On August 23, 2019, the Clerk of Court issued a summons for service on William H.

Hatchell ("defendant"). (Docket no. 3). On September 9, 2019, a return of service indicated that

defendant was served with the summons and complaint in person on September 2, 2019.

(Docket no. 5). In accordance with Federal Rule of Civil Procedure 12(a), defendant's

responsive pleading was due on September 23, 2019, twenty-one (21) days after service of process. Defendant failed to file a responsive pleading by this date and on October 8, 2019, plaintiff filed a request for entry of default against defendant. (Docket no. 6). On the same day, the District Judge entered an order instructing plaintiff to promptly file a motion for default judgment and memorandum in support, and to notice the motion for a hearing before the undersigned on Friday, November 1, 2019 at 10:00 a.m. (Docket no. 7). The Clerk of Court entered default as to the defendant on October 9, 2019. (Docket no. 8). On October 11, 2019, plaintiff filed a motion for default judgment (Docket no. 9) with a supporting memorandum (Docket no. 10) and noticed the motion for a hearing on November 1, 2019 (Docket no. 11). Plaintiff mailed the motion for default judgment, the memorandum in support, the notice of hearing, and *Roseboro* notice to defendant at his Manassas address. (Docket nos. 9–11).

On November 1, 2019, counsel for plaintiff appeared at the hearing before the undersigned, and no one appeared on behalf of defendant. As requested by the court, plaintiff provided additional information concerning the tolling of the statute of limitations from the dates of assessment as applicable to the collection of defendant's income tax liability and civil penalties. Plaintiff provided a series of charts explaining the tolling of the statute of limitations. A copy of the charts, without the accompanying exhibits, is attached as Exhibit 1. At the hearing, the undersigned also requested plaintiff to submit supplemental briefing to address the applicable statute of limitations for the timing of when the assessments were made. Plaintiff provided its supplemental brief addressing these issues on November 4, 2019. (Docket no. 13).

### Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend." Fed. R. Civ. P. 55(a).  Based on defendant's failure to file a responsive pleading in a timely manner, the Clerk of Court has entered a default as to defendant. (Docket no. 8).

A defendant in default admits the factual allegations in the complaint.  *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim.").  Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

**Jurisdiction and Venue**

A court must have both subject matter jurisdiction and personal jurisdiction over a defaulting party before it can render a default judgment.  This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1340 because this matter arises under federal internal revenue laws.  In this action, the United States is the plaintiff seeking a judgment on tax liability and civil penalty assessments, so this court also has subject matter jurisdiction under 28 U.S.C. § 1345 and 26 U.S.C. § 7402.

The complaint alleges that defendant resides in Prince William County, Virginia. (Compl. ¶ 3).  As defendant resides in this judicial district, he is subject to this court's personal jurisdiction.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because defendant resides in this district.  Venue is also proper pursuant to 28 U.S.C. § 1396 since the liability for the tax assessment accrued in this district and, as noted, defendant resides in this district.

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

## Service

Pursuant to Federal Rule of Civil Procedure 4(e)(2), an individual within a judicial district of the United States may be served by the delivery of a copy of the summons and complaint to the individual personally, or by leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion who also resides there. On August 23, 2019, the Clerk of Court issued a summons for service on William H. Hatchell in Manassas, Virginia 20112. (Docket no. 3). On September 9, 2019, a return of service indicated David Barefoot, a process server, personally served defendant at the Manassas address on September 2, 2019. (Docket no. 5).

Based on the foregoing, the undersigned recommends a finding that defendant was properly served with the summons and complaint and had notice of this action.

## Grounds for Entry of Default

On October 8, 2019, plaintiff requested an entry of default as to defendant. (Docket no. 6). The District Judge entered an order the same day instructing plaintiff to promptly file a motion for default judgment and a supporting memorandum, and to notice the motion for a hearing before the undersigned on Friday, November 1, 2019, at 10:00 a.m. (Docket no. 7). The Court forwarded a copy of the order to defendant at the address listed in the case file (*id.*), which is the same address listed on the summons. (Docket no. 3). On October 9, 2019, the Clerk of Court entered default as to defendant for failure to plead or otherwise defend. (Docket no. 8). Pursuant to the District Judge's order, plaintiff filed a motion for default judgment, a

4

memorandum in support, a notice for a hearing on the motion on November 1, 2019, and a *Roseboro* notice. (Docket nos. 9–11). Accompanying the motion, memorandum, notice of hearing, and *Roseboro* notice, plaintiff included certification indicating that it mailed a copy of each document to defendant at his Manassas address. (Docket nos. 9 at 2, 10 at 8, 11 at 3). No responsive pleadings have been filed and the time for doing so has since expired.

Accordingly, the undersigned recommends a finding that defendant was properly served, he failed to file a responsive pleading in a timely manner, the Clerk of Court properly entered default as to defendant, and that defendant has notice of these proceedings.

### Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. 8(b)(6).

Count I of the complaint explains that a delegate of the Secretary of the Treasury of the United States assessed federal income taxes against defendant for tax years 2000–2003, 2005, 2010–2013, and 2015. (Compl. ¶ 7). Specifically, the following assessments were made:

| Income Tax Year | Assessment Date(s) | Outstanding Balance as of August 12, 2019 (including penalties and interest) |
|---|---|---|
| 2000 | 11/20/2006 02/26/2007 | $41,453.38 |
| 2001 | 11/20/2006 02/26/2007 | $36,184.41 |
| 2002 | 11/20/2006 02/26/2007 | $53,142.49 |
| 2003 | 11/20/2006 03/19/2007 | $54,392.47 |
| 2005 | 03/24/2008 | $49,710.58 |
| 2010 | 10/26/2015 | $130,032.36 |

| 2011 | 10/26/2015 | $110,741.05 |
| 2012 | 10/26/2015 | $85,474.39 |
| 2013 | 10/26/2015 | $11,095.69 |
| 2015 | 09/19/2016 | $7,184.29 |

(*Id.*).  In accordance with 26 U.S.C. §§ 6303 and 6201(a), notices and demand for payment of these income tax assessments were sent to defendant, but defendant has not paid the full amount due.  (Compl. ¶¶ 8, 10).  Because of defendant's failure to pay, statutory penalties and interest has accrued on the assessments and continues to accrue.  (Compl. ¶ 9).  As of August 12, 2019, defendant owes the United States $579,411.11 in connection with the unpaid federal income tax assessments, plus interest, penalties, and costs on these assessments.  (Compl. ¶ 12).

Count II of the complaint explains that a delegate of the Secretary of the Treasury of the United States assessed federal civil penalty assessments against defendant for tax years 2000–2003 and 2005.  (Compl. ¶ 14).  Specifically, the following assessments were made:

| Income Tax Year | Assessment Date(s) | Outstanding Balance as of August 12, 2019 (including interest) |
| --- | --- | --- |
| 2000 | 06/09/2008<br>06/16/2008 | $2,324.13 |
| 2001 | 06/09/2008 | $1,536.11 |
| 2002 | 06/09/2008<br>08/12/2013 | $7,843.37 |
| 2003 | 06/09/2008<br>03/05/2012 | $8,121.06 |
| 2005 | 11/21/2011 | $6,641.90 |

(*Id.*).  Notices and demand for payment of these civil penalties were sent to defendant pursuant to 26 U.S.C. § 6303, but defendant failed to pay the full outstanding balance.  (Compl. ¶¶ 15, 17).  Statutory additions have accrued and continues to accrue on these assessments.  (Compl. ¶ 16).  As of August 12, 2019, defendant owed $26,466.57 in federal civil penalty assessments, plus interest and costs on these assessments.  (Compl. ¶ 18).

At the hearing on the motion for default judgment, the undersigned asked plaintiff's counsel for further explanation of the applicable statute of limitations, specifically as it related to the collection of defendant's income tax in Count I of the complaint for tax years 2000–2003 and 2005 and the collection of defendant's civil penalties in Count II of the complaint for tax years 2000–2003.  The undersigned also requested supplemental briefing to address the applicable statute of limitations relating to the assessment of defendant's income tax liability and civil penalties in Counts I and II of the complaint.[1]

### Assessment

Pursuant to 26 U.S.C. § 6501(a), the Internal Revenue Service ("IRS") must assess a tax within three years after the return is filed.  For tax years 2003, 2010–2013, and 2015, the IRS's assessments of defendant's tax income liability were timely because they were made within three years of the filings of defendant's return.  (Docket no. 10, Ex. A).

An exception to the three-year statute of limitations applies, however, when a taxpayer fails to file a return and the IRS prepares one on his behalf.  26 U.S.C. § 6501(c)(2).  In that case,

---

[1] Plaintiff's complaint does not include reference to the applicable statute of limitations for either the assessment or the collection of defendant's tax income liability and civil penalties. Plaintiff's counsel clarified the applicable statute of limitations as to collection at the hearing on Friday, November 1, 2019.  Plaintiff's supplemental brief explains the applicable statute of limitations as to assessment.

Plaintiff begins its supplemental brief by asserting that the court need not consider the statute of limitations in this case given that statute of limitations are affirmative defenses and the defendant bears the burden of pleading their applicability.  (Docket no. 13 at 1).  In reviewing a motion for default judgment, "the court accepts as true the well-pleaded factual allegations of the complaint as to liability." *United States v. Belzner*, No. WDQ-13-2414, 2014 WL 1344187, at *1 (D. Md. Apr. 3, 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001)).  However, the court must still determine whether the allegations constitute a legitimate cause of action and can, in its discretion, require further proof of facts that must be established in order to determine liability. *Id.* (citing 10A Wright, Miller & Kane, Federal Practice and Procedure § 2688 (3d ed. Supp. 2010).  This includes the timeliness of the allegations.  The undersigned, therefore, has taken into account the applicable statute of limitations pertaining to the assessment and collection of defendant's tax income liability and civil penalties for this proposed findings of fact and recommendations.

there is no statute of limitations on the assessment. *Id.* Plaintiff explains that this exception applies to defendant's income tax liability for tax year 2005. (Docket no. 13 at 4). A review of the account transcript from the IRS's Integrated Data Retrieval System for tax year 2005 shows that defendant did not file a tax return and instead a substitute tax return was prepared by the IRS. (Docket no. 10, Ex. A). Accordingly, the undersigned recommends a finding that the IRS timely assessed defendant's income tax for tax year 2005.

Another exception to the three-year statute of limitations applies in the case of a false or fraudulent return with the intent to evade tax. 26 U.S.C. § 6501(c)(1). In that event, there is no statute of limitations on the assessment and a proceeding in court for the collection of such tax can begin at any time. *Id.* Plaintiff's supplemental brief explains that this exception applies to defendant's income tax liability for tax years 2000, 2001, and 2002. (Docket no. 13 at 4). Plaintiff explains that defendant was a participant in Joseph Saladino's "claim of right" abusive tax shelter. (*Id.*). Identified by the IRS as a tax scam, Saladino's tax shelter promoted false deductions. (*Id.*). As a participant, defendant's tax returns for 2000, 2001, and 2002 were false returns made with the intent to evade tax, thus no statute of limitations applies. Accordingly, the undersigned recommends a finding that the IRS timely assessed defendant's income tax for tax years 2000, 2001, and 2002.

With regard to the federal civil penalties assessed against defendant in Count II of the complaint, the same statute of limitations and exceptions apply.[2] Accordingly, the undersigned recommends a finding that the IRS timely assessed defendant's civil penalties for tax years 2000–2003 and 2005.

---

[2] As plaintiff's supplemental brief provides, some courts have held that 26 U.S.C. § 6702 does not have a statute of limitations as the section itself does not explicitly include one. (Docket no. 13 at 5). In that case, the same recommendation is made: that the IRS timely assessed defendant's civil penalties for tax years 2000–2003 and 2005.

**Collection**

After a timely assessment is made, the IRS then has ten years to collect the tax. 26 U.S.C. § 6502(a). However, this ten-year period may be subject to tolling under certain circumstances. Under 26 U.S.C. § 6330(b), a person subject to collection may request a hearing to raise any relevant issues pertaining to the unpaid tax. The ten-year statute of limitations is tolled on the date that the IRS receives the request for a hearing. 26 U.S.C. § 6330(e)(1). Tolling ends ninety days after the taxpayer receives notice of the IRS's determination concerning the hearing. *Id.* The ten-year statute of limitations is also subject to tolling if a taxpayer petitions for bankruptcy. 26 U.S.C. § 6503(h)(2). In that case, tolling ends six months after the dismissal of the bankruptcy stay. *Id.* Finally, the ten-year statute of limitations is subject to tolling when there is a pending offer in compromise. 26 U.S.C. §6331(k)(1). Tolling begins on the date the IRS received the offer in compromise and ends thirty days after the offer in compromise has been rejected. 26 U.S.C. § 6331(k)(1)(A)–(B).

As shown in Exhibit 1 attached herein, in connection with tax years 2000, 2001, 2002, 2003, and 2005, the ten-year statute of limitations was subject to tolling under all three circumstances noted above:

| Action | Tax Year | | | | |
|---|---|---|---|---|---|
| | **2000** | **2001** | **2002** | **2003** | **2005** |
| Original Statute of Limitations | 11/20/2016 | 11/20/2016 | 11/20/2016 | 11/20/2016 | 03/24/2018 |
| Hearing request received by IRS | 12/30/2014 | 03/29/2007 | 03/29/2007 | 03/29/2007 | 10/22/2014 |
| IRS Notice of Determination | 10/09/2015 | 10/21/2007 | 10/21/2007 | 10/21/2007 | 10/09/2015 |
| Add 90 days (26 U.S.C. § 6330(e)(1)) | | | | | |
| Defendant files for bankruptcy | 06/14/2016 | 06/14/2016 | 06/14/2016 | 06/14/2016 | 06/14/2016 |
| Order dismissing bankruptcy | 06/30/2016 | 06/30/2016 | 06/30/2016 | 06/30/2016 | 06/30/2016 |
| Add six months (26 U.S.C. § 6503(h)(2)) | | | | | |

| Offer in compromise received | 11/27/2017 | 11/27/2017 | 11/27/2017 | 11/27/2017 | 11/27/2017 |
|---|---|---|---|---|---|
| Offer in compromise rejected | 04/20/2019 | 04/20/2019 | 04/20/2019 | 04/20/2019 | 04/20/2019 |
| Add 30 days (26 U.S.C. § 6331(k)(1)(B)) | | | | | |
| Total days tolled | 928 + 6 months | 851 + 6 months | 851 + 6 months | 851 + 6 months | 997 + 6 months |
| **New statute of limitations date** | **12/06/2019** | **09/21/2019** | **09/21/2019** | **09/21/2019** | **06/15/2021** |

(Ex. 1). Accordingly, the undersigned recommends a finding that the IRS timely brought this action for collection of defendant's income tax liability for tax years 2000–2003 and 2005, along with tax years 2010–2013 and 2015 which were brought within ten years of assessment.

The same tolling of the statute of limitations applies to the collection of defendant's civil penalties for tax years 2000–2003. Defendant requested a hearing for each tax year on October 22, 2014. (*Id.*). The IRS's notice of determination for each requested hearing was issued on October 9, 2015. (*Id.*). Additional tolling occurred for thirty days pursuant to 26 U.S.C. § 6330(e)(1). Defendant filed for bankruptcy on June 14, 2016 and the order dismissing his bankruptcy petition was issued on June 30, 2016. (*Id.*). Additional tolling occurred for six months pursuant to 26 U.S.C. § 6503(h)(2). The IRS received defendant's offer in compromise for each tax year on November 27, 2017 and rejected the offer for each tax year on April 20, 2019. (*Id.*). Under 26 U.S.C. § 6331(k)(1)(B), additional tolling occurred for thirty more days following the rejection of each offer in compromise. The total tolling period amounts to 997 days plus six months resulting in a new statute of limitations date of September 2, 2021. (*Id.*). Accordingly, the undersigned recommends a finding that the IRS timely brought this action for collection of defendant's civil penalties for tax years 2000–2003.

## **Measure of Damages**

In its complaint, the United States requests judgment against defendant for his unpaid federal income tax assessments, plus interest, penalties, and costs, and unpaid federal civil penalties, plus interest and costs. (Compl. ¶¶ 12, 18).

In support of its motion for default judgment, the United States submitted two declarations; the first by IRS Revenue Officer Kerry Clancey and the second by Kieran O. Carter, a trial attorney with the Tax Division of the United States Department of Justice. (Docket nos. 10-1, 10-2). The United States also submitted account transcripts from the IRS's Integrated Data Retrieval System (Docket no. 10, Ex. A, B) and a "Status Report" for defendant from the Department of Defense Manpower Data Center (Docket no. 10, Ex. C).

According to Ms. Clancey, defendant owes the United States a total amount of $584,552.25, as of October 21, 2019, for his failure to pay income tax assessments for the tax years 2000–2003, 2005, 2010–2013, and 2015, as alleged in Count I of the complaint. (Docket no. 10-1 ¶ 12). The IRS account transcripts confirms this amount. (Docket no. 10, Ex. A). Regarding Count II, Ms. Clancey asserts that as of October 21, 2019, defendant owes the United States $26,721.56 for his failure to pay civil penalties for the tax years 2000–2003 and 2005. (Docket no. 10-1 ¶ 15). Again, the IRS account transcripts confirms this amount. (Docket no. 10, Ex. B). Ms. Carter's declaration asserts that defendant is not an infant or incompetent person, nor in military service. (Docket no. 10-2 ¶¶ 2–3). The Status Report from the Department of Defense Manpower Data Center confirms defendant is not an active member of any branch of the military. (Docket no. 10, Ex. C).

Having reviewed the two declarations, the IRS account transcripts, and the Status Report, the undersigned recommends a finding that the United States has established the amount of income tax assessments and civil penalty assessments owed by defendant.

## Conclusion

For these reasons, the undersigned recommends that judgment be entered in favor of the United States against William H. Hatchell in the following amounts. With respect to Count I of the complaint, judgment should be entered in favor of the United States against William H. Hatchell in the amount of $584,552.25 for federal tax assessments relating to tax years 2000–2003, 2005, 2010–2013, and 2015, plus all interest, penalties, and costs that have accrued and will continue to accrue after October 21, 2019.

Regarding Count II of the complaint, judgment should be entered in favor of the United States against William H. Hatchell in the amount of $26,721.56, for civil penalties relating to tax years 2000–2003 and 2005, plus all interest and costs that have accrued and will continue to accrue after October 21, 2019.

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to William H. Hatchell at 13188 Laguna Court, Manassas, Virginia 20112, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this _____ day of November, 2019.

_____ /S/ _____
John F. Anderson
United States Magistrate Judge
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia

# EXHIBIT 1

**Hatchell 2000 Income Tax Liability Collections Statute of Limitations Tolling Calculations**

| Action | Date | Number of days tolled | Notes |
|---|---|---|---|
| Date of Assessment | 11/20/2006 | | Taxpayer filed his 2000 tax return on 11/12/2003, incorrectly asserting that he was due a refund of $9,386 based on $9,386 in alleged withholding. The IRS issued him a refund for $9,386. In reality, the taxpayer had not withheld $9,386 from his earnings. On 11/20/2006, the Service reversed the withholding and assessed him $6,011 for the erroneous portion of refund paid to him. |
| Original Statute of Limitations on Collection | 11/20/2016 | | 26 U.S.C. § 6502(a)(1) |
| CDP Hearing Request received by IRS | 12/30/2014 | | Tolling begins on the date that the IRS receives the request. See 26 C.F.R. § 301.6330-1(g)(2)(A-G1). |
| CDP Notice of Determination Issued | 10/9/2015 | 283 | |
| Add 90 days | | 90 | Tolling ends 90 days after taxpayer receives a notice of determination. 26 U.S.C. § 6330(e)(1); 26 C.F.R. § 301.6330-1(g)(1) |
| Hatchell files for bankruptcy, case no. 1:16-bk-12073 (Bankr. E.D.Va.) | 6/14/2016 | | Tolling begins on petition date. 26 U.S.C. § 6503(h)(2) |
| Order dismissing bankruptcy for failure to file schedules | 6/30/2016 | 16 | |
| Add six months for bankruptcy filing | | 6 months | Tolling ends six months after dismissal of bankruptcy stay. 26 U.S.C. § 6503(h)(2) |
| Offer in compromise received | 11/27/2017 | | Tolling begins on date OIC received. 26 U.S.C. § 6331(k)(1)(B) |
| Offer in compromise rejected | 4/20/2019 | 509 | Tolling ends 30 days after OIC officially rejected. 26 U.S.C. § 6331(k)(1) |
| Add 30 days to OIC date | | 30 | 26 U.S.C. § 6331(k)(1)(B) |
| **Total Days Suspended:** | | **928 + 6 months** | 928 days added to 11/20/2016 takes us to June 6, 2019; adding 6 months takes us to December 6, 2019. |
| **New CSED:** | | 12/6/2019 | |

**Hatchell 2001 Income Tax Liability Collection Statute of Limitations Tolling Calculations**

| Action | Date | Number of days tolled | Notes |
|---|---|---|---|
| Date of Assessment | 11/20/2006 | | Taxpayer filed his 2001 tax return on 11/12/2003, incorrectly asserting that he was due a refund of $6,330 based on $6,330 in alleged withholding. The IRS issued him a refund for $6,330. In reality, taxpayer had not paid any taxes for 2000, did not have with-holding for this tax year, and was not entitled to the refund. On 11/20/2006, the Service reversed the withholding and assessed him $6,330 for the erroneous refund paid to him. |
| Original Statute of Limitations on Collection | 11/20/2016 | | 26 U.S.C. § 6502(a)(1) |
| CDP Hearing Request received by IRS | 3/29/2007 | | Tolling begins on the date that the IRS receives the request. See 26 C.F.R. § 301.6330-1(g)(2)(A-G1). |
| CDP Notice of Determination Issued | 10/21/2007 | 206 | |
| Add 90 days | | 90 | Tolling ends 90 days after taxpayer receives a notice of determination. 26 U.S.C. § 6330(e)(1); 26 C.F.R. § 301.6330-1(g)(1) |
| Hatchell files for bankruptcy, case no. 1:16-bk-12073 (Bankr. E.D.Va.) | 6/14/2016 | | Tolling begins on petition date. 26 U.S.C. § 6503(h)(2) |
| Order dismissing bankruptcy for failure to file schedules | 6/30/2016 | 16 | |
| Add six months for bankruptcy filing | | 6 months | Tolling ends six months after dismissal of bankruptcy stay. 26 U.S.C. § 6503(h)(2) |
| Offer in compromise received | 11/27/2017 | | Tolling begins on date OIC received. 26 U.S.C. § 6331(k)(1)(B) |
| Offer in compromise rejected | 4/20/2019 | 509 | Tolling ends 30 days after OIC officially rejected. 26 U.S.C. § 6331(k)(1) |
| Add 30 days to OIC date | | 30 | 26 U.S.C. § 6331(k)(1)(B) |
| **Total Days Suspended:** | | **851 + 6 months** | 851 days added to 11/20/2016 takes us to March 21, 2019; adding 6 months takes us to September 21, 2019. |
| **New CSED:** | | **9/21/2019** | |

**Hatchell 2002 Income Tax Liability Collection Statute of Limitations Tolling Calculations**

| Action | Date | Number of days tolled | Notes |
|---|---|---|---|
| Date of Assessment | 11/20/2006 | | Taxpayer filed his 2002 tax return on 11/12/2003, incorrectly asserting that he was due a refund of $6,681 based on $6,681 in alleged withholding. The IRS issued him a refund for $6,681. In reality, the taxpayer did not withhold this amount. On 11/20/2006, the Service reversed the withholding and assessed him $6,649 for the erroneous portion of refund paid to him. |
| Original Statute of Limitations on Collection | 11/20/2016 | | 26 U.S.C. § 6502(a)(1) |
| CDP Hearing Request received by IRS | 3/29/2007 | | Tolling begins on the date that the IRS receives the request. See 26 C.F.R. § 301.6330-1(g)(2)(A-G1). |
| CDP Notice of Determination Issued | 10/21/2007 | 206 | |
| Add 90 days | | 90 | Tolling ends 90 days after taxpayer receives a notice of determination. 26 U.S.C. § 6330(e)(1); 26 C.F.R. § 301.6330-1(g)(1) |
| Hatchell files for bankruptcy, case no. 1:16-bk-12073 (Bankr. E.D.Va.) | 6/14/2016 | | Tolling begins on petition date. 26 U.S.C. § 6503(h)(2) |
| Order dismissing bankruptcy for failure to file schedules | 6/30/2016 | 16 | |
| Add six months for bankruptcy filing | | 6 months | Tolling ends six months after dismissal of bankruptcy stay. 26 U.S.C. § 6503(h)(2) |
| Offer in compromise received | 11/27/2017 | | Tolling begins on date OIC received. 26 U.S.C. § 6331(k)(1)(B) |
| Offer in compromise rejected | 4/20/2019 | 509 | Tolling ends 30 days after OIC officially rejected. 26 U.S.C. § 6331(k)(1) |
| Add 30 days to OIC date | | 30 | 26 U.S.C. § 6331(k)(1)(B) |
| **Total Days Suspended:** | | **851 + 6 months** | 851 days added to 11/20/2016 takes us to March 21, 2019; adding 6 months takes us to September 21, 2019. |
| **New CSED:** | | 9/21/2019 | |

**Hatchell 2003 Income Tax Liability Collections Statute of Limitations Tolling Calculations**

| Action | Date | Number of days tolled | Notes |
|---|---|---|---|
| Date of Assessment | 11/20/2006 | | Taxpayer filed his 2003 tax return on 4/15/2004, incorrectly asserting that he was due a refund of $6,843 based on $6,843 in alleged withholding. The IRS issued him a refund for $6,843. In reality, the taxpayer did not withhold this amount. On 11/20/2006, the Service reversed the withholding and assessed him $6,649 for the erroneous portion of refund paid to him. |
| Original Statute of Limitations on Collection | 11/20/2016 | | 26 U.S.C. § 6502(a)(1) |
| CDP Hearing Request received by IRS | 3/29/2007 | | Tolling begins on the date that the IRS receives the request. See 26 C.F.R. § 301.6330-1(g)(2)(A-G1). |
| CDP Notice of Determination Issued | 10/21/2007 | 206 | |
| Add 90 days | | 90 | Tolling ends 90 days after taxpayer receives a notice of determination. 26 U.S.C. § 6330(e)(1); 26 C.F.R. § 301.6330-1(g)(1) |
| Hatchell files for bankruptcy, case no. 1:16-bk-12073 (Bankr. E.D.Va.) | 6/14/2016 | | Tolling begins on petition date. 26 U.S.C. § 6503(h)(2) |
| Order dismissing bankruptcy for failure to file schedules | 6/30/2016 | 16 | |
| Add six months for bankruptcy filing | | 6 months | Tolling ends six months after dismissal of bankruptcy stay. 26 U.S.C. § 6503(h)(2) |
| Offer in compromise received | 11/27/2017 | | Tolling begins on date OIC received. 26 U.S.C. § 6331(k)(1)(B) |
| Offer in compromise rejected | 4/20/2019 | 509 | Tolling ends 30 days after OIC officially rejected. 26 U.S.C. § 6331(k)(1) |
| Add 30 days to OIC date | | 30 | 26 U.S.C. § 6331(k)(1)(B) |
| **Total Days Suspended:** | | **851 + 6 months** | 851 days added to 11/20/2016 takes us to March 21, 2019; adding 6 months takes us to September 21, 2019. |
| **New CSED:** | | **9/21/2019** | |

**Hatchell 2005 Income Tax Liability Collections Statute of Limitations Tolling Calculations**

| Action | Date | Number of days tolled | Notes |
|---|---|---|---|
| Date of Assessment | 3/24/2008 | | The taxpayer did not file an income tax return for 2005. The IRS prepared a return on his behalf, using third-party return information, and assessed the defendant for unpaid taxes, penalties, and interest on 3/24/2008. |
| Original Statute of Limitations on Collection | 3/24/2018 | | 26 U.S.C. § 6502(a)(1) |
| CDP Hearing Request received by IRS | 10/22/2014 | | Tolling begins on the date that the IRS receives the request. See 26 C.F.R. § 301.6330-1(g)(2)(A-G1). |
| CDP Notice of Determination Issued | 10/09/2015 | 352 | |
| Add 90 days | | 90 | Tolling ends 90 days after taxpayer receives a notice of determination. 26 U.S.C. § 6330(e)(1); 26 C.F.R. § 301.6330-1(g)(1) |
| Hatchell files for bankruptcy, case no. 1:16-bk-12073 (Bankr. E.D.Va.) | 6/14/2016 | | Tolling begins on petition date. 26 U.S.C. § 6503(h)(2) |
| Order dismissing bankruptcy for failure to file schedules | 6/30/2016 | 16 | |
| Add six months for bankruptcy filing | | 6 months | Tolling ends six months after dismissal of bankruptcy stay. 26 U.S.C. § 6503(h)(2) |
| Offer in compromise received | 11/27/2017 | | Tolling begins on date OIC received. 26 U.S.C. § 6331(k)(1)(B) |
| Offer in compromise rejected | 4/20/2019 | 509 | Tolling ends 30 days after OIC officially rejected. 26 U.S.C. § 6331(k)(1) |
| Add 30 days to OIC date | | 30 | 26 U.S.C. § 6331(k)(1)(B) |
| **Total Days Suspended:** | | **997 + 6 months** | 997 days added to 3/24/2018 takes us to December 15, 2010; adding 6 months takes us to June 15, 2021. |
| **New CSED:** | | **6/15/2021** | |

**Hatchell 2000, 2001, 2002, 2003 Civil Penalty Collections Statute of Limitations Tolling**

| Action | Date | Number of days tolled | Notes |
|---|---|---|---|
| Earliest Date of Assessment | 6/9/2008 | | Some tax years have multiple penalties assessed. However, the earliest assessments for 2000, 2001, 2002, and 2003 were made on 6/9/2008. |
| Original Statute of Limitations on Collection | 6/9/2018 | | 26 U.S.C. § 6502(a)(1); 26 U.S.C. § 6671(a) (Holding that § 6502(a)'s reference to "tax" includes penalties and liabilities.) |
| CDP Hearing Request received by IRS | 10/22/2014 | | Tolling begins on the date that the IRS receives the request. See 26 C.F.R. § 301.6330-1(g)(2)(A-G1). |
| CDP Notice of Determination Issued | 10/09/2015 | 352 | |
| Add 90 days | | 90 | Tolling ends 90 days after taxpayer receives a notice of determination. 26 U.S.C. § 6330(e)(1); 26 C.F.R. § 301.6330-1(g)(1) |
| Hatchell files for bankruptcy, case no. 1:16-bk-12073 (Bankr. E.D.Va.) | 6/14/2016 | | Tolling begins on petition date. 26 U.S.C. § 6503(h)(2) |
| Order dismissing bankruptcy for failure to file schedules | 6/30/2016 | 16 | |
| Add six months for bankruptcy filing | | 6 months | Tolling ends six months after dismissal of bankruptcy stay. 26 U.S.C. § 6503(h)(2) |
| Offer in compromise received | 11/27/2017 | | Tolling begins on date OIC received. 26 U.S.C. § 6331(k)(1)(B) |
| Offer in compromise rejected | 4/20/2019 | 509 | Tolling ends 30 days after OIC officially rejected. 26 U.S.C. § 6331(k)(1) |
| Add 30 days to OIC date | | 30 | 26 U.S.C. § 6331(k)(1)(B) |
| **Total Days Suspended:** | | **997 + 6 months** | 997 days added to 6/9/2018 takes us to March 2, 2021; adding 6 months takes us to September 2, 2021. |
| **New CSED:** | | **9/2/2021** | |